**Concurring and Dissenting Opinions on Denial of Rehearing En Banc filed September 20, 2012.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-11-00815-CV

**THE KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant**

**V.**

**RONALD K. ONEY, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DANIEL D. ONEY, Appellee**

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2011-32031**

## CONCURRING OPINION ON DENIAL OF REHEARING EN BANC

Today, the en banc court denies the motion for en banc reconsideration filed by appellant The Kansas City Southern Railway Company.[1] The decision is compelled by the exacting standard for en banc consideration imposed by the Texas Rules of Appellate Procedure.[2]

---

[1] *See* Tex. R. App. P. 49.7.

[2] *See* Tex. R. App. P. 41.2(c).

Rule 41.2(c) supplies the legal standard for determining whether a motion for en banc reconsideration should be granted.[3] The relevant portion of that rule provides:

(c) *En Banc Consideration Disfavored.* En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration.[4]

This high threshold for en banc consideration is reasonable given the large volume of cases adjudicated each year by intermediate appellate courts and the substantial expenditure of time and resources involved in considering a case en banc. Notably, the standard for en banc review is not whether a majority of the en banc court disagrees with all or part of a panel opinion.[5] Thus, even if a majority of the en banc court were to conclude that the majority opinion in the case under review was wrongly decided, that conclusion alone would not justify en banc consideration.[6] The fact that the issues involved are important is likewise not sufficient to satisfy the legal standard.[7] Under the plain meaning of Rule 41.2(c), en banc consideration is disfavored and should be ordered only when necessary to secure or maintain uniformity in this court's decisions or when extraordinary circumstances require en banc consideration.[8]

In its motion for en banc reconsideration, The Kansas City Southern Railway Company does not address the standard for en banc review set forth in Rule 41.2(c). Nor does it assert or show a direct conflict between the panel majority opinion and any other opinion of this court. The Kansas City Southern Railway Company does not assert or argue that en banc consideration is necessary to secure or maintain uniformity in this

---

[3] *See id.*

[4] *Id.*

[5] *See Thompson v. State*, 89 S.W.3d 843, 856 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (Jennings, J., concurring on denial of rehearing en banc).

[6] *See* Tex. R. App. P. 41.2(c); *Thompson*, 89 S.W.3d at 856 (Jennings, J., concurring on denial of rehearing en banc).

[7] *See* Tex. R. App. P. 41.2(c); *Thompson*, 89 S.W.3d at 856 (Jennings, J., concurring on denial of rehearing en banc).

[8] *See* Tex. R. App. P. 41.2(c).

court's decisions. Nor does The Kansas City Southern Railway Company assert or argue that extraordinary circumstances require en banc consideration. Likewise, in the dissenting opinion on denial of rehearing en banc, there is no discussion of the exacting standard for en banc consideration or why it is met in this instance. Because this exacting standard is not satisfied, it is proper for this court to deny The Kansas City Southern Railway Company's motion for en banc reconsideration.[9] Though the presented issues are important to the jurisprudence, the prerequisites for en banc consideration have not been satisfied.[10] By voting to deny this motion for en banc reconsideration, I take no position on the merits of the case under review; rather, I conclude only that the high threshold for en banc consideration has not been met.[11]

For these reasons, I respectfully concur with this court's decision to deny The Kansas City Southern Railway Company's motion for en banc reconsideration.

/s/     Kem Thompson Frost
Justice

En Banc Court consists of Chief Justice Hedges and Justices Frost, Seymore, Brown, Boyce, Christopher, Jamison, McCally, and Busby, and Senior Justice Mirabal.[12] (J. Boyce dissenting to denial of rehearing en banc, joined by Justices Brown, Christopher, Jamison, and Busby).

---

[9] The dissenting opinion contains a statement that the majority opinion "is incompatible with" this court's decision in *Abraham v. Union Pac. R.R. Co.,* 233 S.W.3d 13, 17 (Tex. App.—Houston [14th Dist.] 2007, pet. denied), suggesting that en banc consideration is necessary to secure or maintain uniformity in this court's decisions. *See post* at p. 8. The *Abraham* case did not involve claims that were subject to any part of Chapter 90 of the Texas Civil Practice and Remedies Code. *See Abraham*, 233 S.W.3d at 16–24. In the case under review, the majority expressly stated that "[n]othing in our holding relieves [Oney] from the burden of presenting reliable, admissible evidence supporting his FELA claim in future proceedings." *Kansas City S. Ry. Co. v. Oney*, No. 14-11-00815-CV, —S.W.3d—,—, 2012 WL 2928535, at *12 (Tex. App.—Houston [14th Dist.] Jul. 19, 2012, no pet. h.). The majority opinion does not conflict with the *Abraham* opinion and does not create a lack of uniformity in this court's decisions.

[10] *See* Tex. R. App. P. 41.2(c).

[11] *See id.*

[12] Senior Justice Margaret Garner Mirabal sitting by assignment.

3